UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
BEFORE HONORABLE DANIEL R. DOMINGUEZ

**MINUTES OF PROCEEDINGS**                DATE: December 10, 1999

**CIVIL NO. 96-2616 (DRD)**
LAW CLERK: Karen A. Rivera-Turner

===============================================================

| | | |
|---|---|---|
| BENJAMIN MORENO et al | Attorneys: | Maritere Pérez Pascual |
| Plaintiff | | Peter John Porrata |
| v. | | |
| PEDRO GERONIMO GOYCO | | Griselle González |
| Defendant | | |

===============================================================

STATUS CONFERENCE was held today.

Defendant informs the Court that Plaintiffs have not submitted a report for their psychiatric witness even though the cut off date for expert reports has long expired. Plaintiffs acknowledge their failure and make no effort at justifying their omission. In an exercise of discretion, the Court rules that Plaintiffs **will not** be allowed to use a psychiatrist as an expert witness. This ruling, of course, does not affect Plaintiffs' use as witnesses of any treating physicians that have been announced. See Ayala Gerena v. Brystol Myers Squibb Co., 95 F.3rd 86, 91 (1st Cir. 1996); and Serrano Perez v. FMC Corp., 985 F.2d 625, 628 (1st Cir. 1993).

The Court will allow the parties to prepare for trial. Accordingly, Defendant is granted until **January 25, 2000**, to depose both Plaintiffs, Plaintiffs' treating physician and plaintiffs' expert economist. Further, Defendant is warned that if the Department of Justice plans to use Celestino Meléndez as a witness, Defendant most find Celestino Meléndez with sufficient time for Plaintiffs to depose him before **January 25, 2000.**

**Docket 44 is granted**. Defendant is granted **ten (10) final days**, that is, until December 24, 1999, to answer the interrogatories and requests for production of documents alluded to in said

motion. Defendant is forewarned of the severe sanctions available under the Federal Rules of Civil Procedure. All parties are forewarned to be aware of the sanctions available for failure to timely produce and/or supplement discovery requests. See Klonoski v. Mahlab, 156 F.3d 255 (1st Cir. 1998). The Court has no discretion to authorize the introduction of evidence at trial that was not timely produced during discovery. The First Circuit has indicated that the normal sanction is preclusion.

Defendant has informed the Court that her file does not have a copy of the request for production of documents that is still pending. Plaintiffs will fax a copy of said request next Monday, December 13, 1999. The Commonwealth Department of Justice will produce all documents in the Department of Justice's custody.

**Pretrial** is scheduled for **February 7, 2000 at 5:00 p.m.** All attorneys will meet in the Plaintiffs' counsel's office for preparation of a pretrial memorandum. The exact date will be coordinated between the attorneys.

The parties are forewarned that the case may be set for trial anytime during or after February of 2000.

**The Court will not accept late motions to dismiss or any other dispositive motion. Any dispositive motions filed will be summarily denied without prejudice as untimely. These motions may only be filed under Rule 50(a).** See Rosario Díaz v. González, 140 F.3d 312 (1st Cir. 1998) (trial courts have ample discretion to summarily deny dispositive motions filed past case-management deadlines).

*[signature]*
LAW CLERK

s/c: Counsel of record

N:\MINUTES\96-2616.MEM